OPINION OF THE COURT
 

 Per Curiam.
 

 This appeal concerns the validity of certain provisions contained in a construction contract which required the owner to provide "fire, extended coverage, vandalism and malicious mischief insurance upon the entire structure on which the
 
 *656
 
 work of the Contract is to be done and upon the materials, in or adjacent thereto and intended for use thereon, to One Hundred Percent of the insurable value thereof.” It also provided that "[t]he Owner, Contractor, and all subcontractors waive all rights, each against the others, for damages caused by fire or other perils covered by insurance provided for under the terms of the Contract Documents, except such rights as they may have to the proceeds of insurance.” The owner did make provision for the required insurance, and during the course of the project a fire broke out, allegedly due to the negligence of the contractor or the subcontractors, causing damage to the building. The insurer paid the owner its damages pursuant to the policy, and then this action was commenced against the contractor and subcontractors, in which the owner is the named plaintiff but the actual plaintiff in interest is the insurer as a subrogee.
 

 Defendants argue that the contractual provisions quoted above constitute a defense to this action. Plaintiff contends, however, that so viewed, those contractual provisions are unenforceable pursuant to section 5-323 of the General Obligations Law, which provides as follows: "Every covenant, agreement or understanding in or in connection with or collateral to any contract or agreement affecting real property made or entered into, whereby or whereunder a contractor exempts himself from liability for injuries to person or property caused by or resulting from the negligence of such contractor, his agent, servants or employees, as a result of work performed or services rendered in connection with the construction, maintenance and repair of real property or its appurtenances, shall be deemed to be void as against public policy and wholly unenforceable.” In response, defendants contend first that this section is applicable only to building maintenance contracts, and alternatively, that even if it is applicable to contracts such as this, the General Obligations Law section does not speak to the provisions involved in this dispute. As to defendant’s first argument, although it may not be without some support in the legislative history of the section, such arguments are inappropriate in the face of the clear, explicit, and unambiguous language of the statute, speaking as it does of "any contract or agreement affecting real property”. However, we agree that the section does not prohibit contractual provisions of the type involved in this litigation.
 

 Insofar as damages for injuries are in fact compensable
 
 *657
 
 under an insurance policy mandated by contract, a provision waiving all rights to recover for those same injuries other than from the proceeds of the insurance policy does not constitute a violation of the statute. A distinction must be drawn between contractual provisions which seek to exempt a party from liability to persons who have been injured or whose property has been damaged and contractual provisions, such as those involved in this suit, which in effect simply require one of the parties to the contract to provide insurance for all of the parties. Absent any indication of overreaching or unconscionability, such provisions violate neither section 5-323 of the General Obligations Law nor any other public policy (see
 
 Hogeland v Sibley, Lindsay & Curr Co.,
 
 42 NY2d 153).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.