70390. ISLAND VILLA DEVELOPERS, INC. v. BONNER ROOFING & SHEET METAL COMPANY.
(334 SE2d 41)

DEEN, Presiding Judge.

On February 24, 1981, the appellant, Island Villa Developers, Inc., entered into a construction contract with Mann & Harper, Inc., for the construction of condominiums on Tybee Island, Georgia. The contract used was the standard agreement between an owner and contractor promulgated by the American Institute of Architects; under the contract, the appellant was designated as the owner and Mann & Harper as the contractor.

Mann & Harper subsequently subcontracted with the appellee, Bonner Roofing & Sheet Metal Company, for the roofing of the con-

dominiums. The subcontract subjected both parties to the terms and conditions of the general construction contract and made all general conditions of the general contract part of the subcontract; the subcontract further provided that the appellee was required to carry only workers' compensation insurance and public liability insurance.

Subparagraph 11.3.1 of the general construction contract between the appellant and Mann & Harper provided that "the owner shall purchase and maintain property insurance upon the entire work at the site to the full insurable value thereof. This insurance shall include the interests of the owner, the contractor, subcontractors and sub-subcontractors in the work and shall insure against the perils of fire and extended coverage and shall include 'all risk' insurance for physical loss or damage including, without duplication of coverage, theft, vandalism and malicious mischief." Pursuant to this requirement, Mann & Harper obtained a builder's risk policy of insurance with Hartford Insurance Company, and the policy premiums were charged back to the appellant. Subparagraph 11.3.6 of the general contract also provided that "[t]he owner and contractor waive all rights against (1) each other and the subcontractor, sub-subcontractors, agents and employees each of the other, and (2) the architect and separate contractors, if any, and their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other perils to the extent covered by insurance. . . ."

On April 15, 1981, some of the condominiums under construction were damaged by fire. The appellant and Mann & Harper submitted a claim under the insurance policy and were jointly paid $86,396.34 for the property loss. The Hartford Insurance Company in subrogation then commenced this action against the appellee, alleging that the fire resulted from the appellee's negligence. This appeal followed from the trial court's grant of summary judgment for the appellee, on the basis that the owner had waived the cause of action against the appellee subcontractor under the terms of the general construction contract. *Held*:

Observing the reasonable and objective meaning of the language of the pertinent contract provisions, the owner clearly waived its claims against the contractor and subcontractor regarding any fire loss, and agreed to look solely to the insurance to be procured and maintained by the owner at its own expense. Under these circumstances, where the owner may not bring an action against the subcontractor, certainly the insurer in subrogation may not sue the subcontractor, since the rights of the insurer are not superior to those of the owner. *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27 (262 SE2d 794) (1980); see also *E. C. Long, Inc. v. Brennan's of Atlanta*, 148 Ga. App. 796 (252 SE2d 642) (1979). Accordingly, the trial court properly granted summary judgment for the appellee subcontractor.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*Stephen H. Harris*, for appellant.
*Stanley M. Karsman, Kenneth L. Royal*, for appellee.