762 P.2d 641

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a foreign corporation, Plaintiff/Appellant,**

v.

**FARRAR'S PLUMBING AND HEATING COMPANY, INC., an Arizona corporation, Defendant/Appellee.**

No. 2 CA–CV 88–0052.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 27, 1988.

Kimble, Gothreau & Nelson by Darwin J. Nelson, Tucson, for plaintiff/appellant.

Mesch, Clark & Rothschild by John K. Mesch, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

An apartment complex owned by Orange Grove Associates, Ltd. was being constructed by Shoecraft Contracting, Inc. Defendant Farrar's Plumbing and Heating Co. (Farrar) was the plumbing sub-contractor. Plaintiff United States Fidelity and Guaranty Co. was the owner's fire insurer. The complex burned. Plaintiff paid the losses and, contending that the fire was due to the negligence of Farrar, brought a subrogation action against it. Farrar successfully sought summary judgment because of the following provisions in the contract between Orange Grove and Shoecraft:

11.3.1 Unless otherwise provided, the Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall include the interests of the Owner, the Construction Manager, the Contractor, Subcontractors and Sub-subcontractors in the Work, and shall insure against the perils of fire and extended coverage and shall include "all

risk" insurance for physical loss or damage including, without duplication of coverage, theft, vandalism and malicious mischief....

*   *   *   *   *   *

11.3.6 The Owner and the Contractor waive all rights against (1) each other and the Subcontractors, Sub-subcontractors, agents and employees of each other, and (2) the Architect, the Construction Manager and separate contractors, if any, and their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to this Paragraph 11.3 or any other property insurance applicable to the Work, except such rights as they may have to the proceeds of such insurance held by the Owner as trustee....

Because plaintiff has only the claim of its insured Orange Grove, and because these clauses divest Orange Grove of any claim against Farrar, we affirm.

The language of the clauses could not be clearer that fire insurance for the project was to be procured by the owner and that all parties to the construction were to look only to the insurance to protect themselves from fire loss. As stated in *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 104 (2d Cir.1986):

> A waiver of subrogation is useful in such projects because it avoids disruption and disputes among the parties to the project. It thus eliminates the need for lawsuits, and yet protects the contracting parties from loss by bringing all property damage under the all risks builder's property insurance.

In addition to *Tokio Marine*, these clauses have been held enforceable in *South Tippecanoe School Building Corp. v. Shambaugh & Son, Inc.*, 182 Ind.App. 350, 395 N.E.2d 320 (1979); *Board of Education v. Valden Associates, Inc.*, 46 N.Y.2d 653, 416 N.Y.S.2d 202, 389 N.E.2d 798 (1979); *Trump–Equitable Fifth Avenue Co. v. H.R.H. Construction Corp.*, 106 A.D.2d 242, 485 N.Y.S.2d 65 (1985); *Commerce & Industry Ins. Co. v. Orth*, 254 Or. 226, 458 P.2d 926 (1969). It is against this backdrop that we address plaintiff's specific claims.

Plaintiff argues first that there is a fact issue as to whether Orange Grove intended to waive its rights against Farrar. The only intent that is material is the intent manifested in the contract, and that intent clearly was to waive those rights. In addition, no evidence from Orange Grove was offered that indicated a contrary intent. Actions taken by Shoecraft and Farrar are incompetent to demonstrate Orange Grove's intent.

Plaintiff next argues that if there was a waiver, it extended only to fire loss and not to business interruption losses. Because that argument was not raised below, we do not address it.

■ Plaintiff finally argues that Farrar is not a third party beneficiary under the Orange Grove–Shoecraft contract. Given the purpose of the insurance and waiver clauses, discussed in *Tokio Marine, supra*, we believe it clear that Farrar was an intended beneficiary of those clauses. They would make no sense otherwise. *See Tanner Companies v. Insurance Marketing Services, Inc.*, 154 Ariz. 442, 743 P.2d 951 (App.1987). Nor do we believe that Farrar's agreement in its contract with Shoecraft to repair damage it caused is a rejection of its status as beneficiary under the contract within the meaning of *Employers Mutual Liability Ins. Co. v. Robert E. McKee General Contractors, Inc.*, 16 Ariz.App. 77, 491 P.2d 27 (1971). Farrar's agreement to make such typically minor repairs can hardly evince an intent to forego insurance protection against a catastrophic fire such as occurred in this case.

■ Finally, plaintiff argues that the contract clauses are void under A.R.S. § 34–226 because they insulate Farrar from liability for negligence. We believe that this section has no application to an agreement as to which insurer will be liable for the negligence of a party. *See Board of Education v. Valden Associates, Inc., supra.*

Affirmed. Farrar will be awarded its attorneys' fees on appeal in an amount to

be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App.P., 17A A.R.S.

HATHAWAY and HOWARD, JJ., concur.