577 So.2d 1037 (1991)
STATE of Louisiana and Aetna Casualty and Surety Co.
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, et al.
No. 90-CA-1437.
Court of Appeal of Louisiana, Fourth Circuit.
March 28, 1991.
Writ Denied June 14, 1991.
Adams & Reese, Thomas J. Wyllie, Robert E. Couhig, Jr., F. Lee Butler, Donald C. Massey, New Orleans, for plaintiff-appellant Aetna Cas. and Sur. Co.
Michael K. Fitzpatrick, Nancy L. Cromartie, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendants-appellees U.S.
*1038 Fidelity and Guar. Co. and Thrasher Waterproofing Corp.
Dermot S. McGlinchey, Paul M. Batiza, Arthur H. Leith, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendantsappellees Carriere-Stumm, Inc. and Ins. Co. of North America.
W.P. Wray, Jr., Chris P. Pierce, Wray & Kracht, Baton Rouge, for Louisiana Associated General Contractors, Inc.
Before KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
Plaintiff, Aetna Casualty and Surety Company (Aetna), appeals the granting of a partial summary judgment in favor of defendants Carrier-Stumm, Inc. (Carrier), Insurance Company of North America (I.N. A.), Thrasher Waterproofing Corporation (Thrasher), and United States Fidelity and Guaranty Company (USF & G). After reviewing the facts and the law, we affirm.
On November 12, 1987, plaintiff, State of Louisiana, contracted with Thrasher to perform certain work on the Cabildo. Thrasher in turn subcontracted some of the work to Carrier, who in turn sub-subcontracted with Precision Sheet Metal to do certain work. On May 11, 1988, prior to completion of the work, a fire broke out at the Cabildo. Plaintiff, State of Louisiana, filed suit to recover for damages caused by the fire, claiming that the fire was caused by the work performed by the defendants. Aetna provided insurance to the State and made payments to the State for these damages and then commenced this action in subrogation against defendants alleging their negligence caused the fire. Defendants filed a motion for partial summary judgment alleging that the claims of Aetna had been waived according to the terms of the contract between Thrasher and the State. The trial court granted a partial summary judgment finding that the contract between the State and Thrasher contains an express waiver provision thereby waiving any rights Aetna may have had as the State's subrogated insurer. Plaintiff appeals claiming that the waiver provision in the contract does not apply in this situation because the insurance policy under which damages were paid was not obtained pursuant to the contract and because the waiver does not apply to "non-work" property.
The contract between the State of Louisiana and Thrasher expressly incorporates by reference a number of documents, including AIA document A201, 1976 edition, which is published by the American Institute of Architects. Article 11 of the document deals with insurance arrangements necessary for the construction job. Article 11.3.6 of these General Conditions provides as follows:
11.3.6The owner and contractor waive all rights against (1) each other and the Subcontractors, Sub-subcontractors, agents and employees each of the other, and (2) the Architect and separate contractors, if any, and their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to this Paragraph 11.3 or any other property insurance applicable to the Work, except such rights as they may have to the proceeds of such insurance held by the Owner as trustee...
Article 11.3.1, which was amended by the Supplemental Conditions, specifically requires the owner to secure insurance coverage for the project and defines the type and amount of insurance the owner is obligated to provide. Aetna provided a builder's risk insurance policy to the State covering the Cabildo for the work to be performed under the contract. Aetna also furnished a fire insurance policy to the State which covered State buildings and their contents in case of fire or other risks.
Aetna claims that damages were paid under the fire policy and not obtained pursuant to article 11.3.1; therefore, the waiver did not apply and they are entitled to be subrogated against the defendant tortfeasors. However, the waiver of claims in Article 11.3.6 is based upon the insurance required by 11.3.1 or any other applicable insurance. As the trial judge stated in his *1039 reasons for judgment, the contract does not limit coverage to one policy or the other. "[T]he court finds that waiver provisions apply irrespective of whether the payments made by Aetna are made under the builders' risk policy or the fire policy." Therefore any rights that Aetna may have had as the subrogated insurer were waived.
While we find no Louisiana cases directly on point, other jurisdictions have addressed this waiver provision in contracts under similar conditions. The cases reflect a clear intention between the parties to shift the risk of loss and any other damage during construction to an insurer in an effort to avoid disputes among the parties which might cause delays in the completion of the construction. Island Villa Developers v. Bonner Roofing and Sheet Metal, 175 Ga.App. 713, 334 S.E.2d 41 (1985); Blue Cross v. McDevitt, 234 Va. 191, 360 S.E.2d 825 (1987); Steamboat Development v. Bacjac Industries, 701 P.2d 127 (Colo.App.1985); U.S.F. & G. v. Farrar, 158 Ariz. 354, 762 P.2d 641 (App.1988); Village of Rosemont v. Lentin Lumber, 144 Ill.App.3d 651, 98 Ill.Dec. 470, 494 N.E.2d 592 (1986).
Aetna further contends that the parties made modifications to the AIA General Conditions in the Supplemental Conditions to the contract which makes the waiver provisions inapplicable. However, Article 11.3.6 remains unchanged by such alterations and the alterations to Article 11.3.1 are immaterial as they only affect the type of insurance the owner was required to obtain.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. We agree with the trial court that under the contract there was no genuine issue of material fact and that summary judgment was properly entered as a matter of law. The State clearly waived its claims against the defendants. Where the owner may not bring an action against the contractors or subcontractors, neither may the insurer in subrogation, since the rights of the insurer are not superior to those of the owner. Audubon Insurance Co. v. Farr, 453 So.2d 232 (La.1984) Accordingly, the trial court properly granted summary judgment and we affirm.
AFFIRMED.