LEN IMMKE BUICK, INC., Appellant and Cross–Appellee, et al.; Hartford Insurance Company, Appellee,

v.

ARCHITECTURAL ALLIANCE et al., Appellees; Ruscilli Construction Company, Inc., Appellee and Cross–Appellant.

[Cite as *Len Immke Buick, Inc. v. Architectural Alliance* (1992), 81 Ohio App.3d 459.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–124.

Decided June 23, 1992.

460

*Earl, Warburton, Adams & Davis* and *Dana S. Preisse,* for appellant and cross-appellee.

*Wiles, Doucher, Van Buren & Boyle* and *David T. Patterson,* for appellee Architectural Alliance.

*Wirtz & Kohn, Jeffrey L. Kohn* and *Dennis P. Wirtz,* for appellee Preferred Structures, Inc.

*Lane, Alton & Horst, T. Jeffrey Beausay* and *Joseph A. Gerling,* for appellee and cross-appellant Ruscilli Construction Company, Inc.

---

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Len Immke Buick, Inc. ("Len Immke"), appellant, from a summary judgment in favor of Architectural Alliance et al., appellees. Len Immke entered into an agreement with Ruscilli Construction Company, Inc. ("Ruscilli"), for Ruscilli to serve as the general contractor on the construction of a building which would house Len Immke dealership ("the project"). Architectural Alliance was designated as the architect of the project in the "Abbreviated Form of Agreement between Owner and Contractor." In September 1987, a windstorm caused the collapse of several masonry walls which were partially constructed. Hartford Insurance Company ("Hartford") paid the sum of $46,688 (the cost for reconstructing the walls) to Len Immke.

Thereafter, Immke and Hartford filed a subrogation action against Architectural Alliance and Ruscilli. Architectural Alliance and Ruscilli filed separate motions for summary judgment. Immke and Hartford filed a memoranda contra to Architectural Alliance's and Ruscilli's motions for summary judgment.[1]

In January 1992, the Franklin County Court of Common Pleas granted Ruscilli's motion for summary judgment and denied the motion for summary judgment filed by Architectural Alliance.

On appeal, appellant now asserts the following four assignments of error:

"Assignment of Error No. 1

"The trial court committed error prejudical [*sic*] to the plaintiff in granting defendant Ruscilli Construction Company's motion for summary judgment based on the trial court's misinterpretation of Article 17 of the 'Abbreviated Form of Agreement Between Owner and Contractor.'

"Assignment of Error No. 2

"The trial court committed error prejudical [*sic*] to the plaintiff in failing to follow the well established principal that contracts of indemnity shall not be construed to indemnify against the negligence of the indemnitee unless so expressed in clear and unequivocal terms.

---

1. Appellee Preferred Structures, Inc., is not a participant to this lawsuit pursuant to a stay order of the United States Bankruptcy Court.

"Assignment of Error No. 3

"The trial court committed error prejudical [*sic*] to the plaintiff in failing to follow the rule of ejusdem generis governing the interpretation and construction of indemnity contracts which provide that where general words follow specific terms, the meaning of the general words will, under the rule, be limited to things of the same kind, class or nature as those specifically enumerated.

"Assignment of Error No. 4

"The trial court committed error prejudical [*sic*] to the plaintiff in failing to find a conflict between the indemnity clause contained at Article 10 (10.11) and Article 17 (17.3) of the 'Abbreviated Form of Agreement Between Owner and Contractor.' "

Appellee Ruscilli has asserted the following cross-assignment of error:

"The trial court erred by failing to find, as one of the grounds upon which summary judgment should have been granted, that even assuming 1) the subcontractor was negligent, 2) defendant-appellee Ruscilli was responsible for the negligence of its subcontractor, and 3) plaintiffs-appellants' claims were not waived under the construction contract, there was no evidence that any alleged negligence was the 'but for' or proximate cause of the loss; i.e., there is no evidence in the record that, had the building been erected free of any negligence, the wind storm would not have caused the structure to collapse."

Since the first and third assignments of error are interrelated, they will be addressed together. Appellant asserts in the first assignment of error that the trial court misinterpreted Article 17 of the "Abbreviated Form of Agreement Between Owner and Contractor." In the third assignment of error, appellant asserts that the trial court erred by not following the rule of *ejusdem generis* when it interpreted the disputed contract herein.

 Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

■ The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other materials permitted by Civ.R. 56(C) to show a genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Article 17 of the contract states:

"17.3 Unless otherwise provided, the Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall include the interests of the Owner, the Contractor, Subcontractors and Sub-subcontractors in the Work and shall insure against the perils of fire and extended coverage and shall include 'all risk' insurance for physical loss or damage including, without duplication of coverage, theft, vandalism, and malicious mischief.

"17.4 Any loss insured under Paragraph 17.3 is to be adjusted with the Owner and made payable to the Owner as trustee for the insureds, as their interest may appear * * *.

"17.5 * * *

"17.6 The Owner and Contractor waive all rights against each other for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to this Article or any other property insurance applicable to the Work, except such rights as they may have to the proceeds of such insurance held by the Owner as trustee. The Contractor shall require similar waivers in favor of the Owner and the Contractor by Subcontractors and Sub-subcontractors."

■ Ruscilli argues that the contract required Len Immke to provide insurance coverage which would cover the interests of appellee-Ruscilli, and any of its subcontractors or sub-subcontractors, against the perils of fire and extended coverage, and provide an all-risk insurance for physical loss or damage. Furthermore, the owner and contractor agreed to waive all rights against each other for damages caused by fire or other perils to the extent the damage was covered by such insurance.

It is appellant's contention that when applying the rule of *ejusdem generis* (where general words follow specific terms the meaning of the general words will be limited to things of the same kind, class, or nature), windstorm damage is not to be included. Thus, it is appellant's contention that the contract between Len Immke and Ruscilli provided that Len Immke would insure against losses caused by fire, theft, vandalism and malicious mischief and did not include a loss caused by wind damage or the negligence of the general contractor or its subcontractors.

Upon review, this court affirms the finding of the trial court that the relevant provisions of the contract between appellees and appellant required Len Immke to provide an "all risk" coverage of insurance which would cover the entire project to its full insurable value and provide recovery for any property loss or damage. Clearly, clauses 17.3 and 17.6 of Article 17 of the contract placed appellant under an obligation to purchase "all risk" insurance and to waive all claims against Ruscilli for physical loss or damage to the project. Furthermore, "extended coverage," a synonymous term, is a term of art used in insurance contracts, which encompasses coverage for damages caused by windstorms. See Couch on Insurance 2d (1982) Section 48:141–48:143. Other jurisdictions construing similar contract provisions have upheld contract provisions where the parties agreed to waive claims of personal liability in the event of a loss or peril, with the understanding that the loss would be covered by insurance.

See *Tuxedo Plumbing & Heating Co. v. Lie–Nielsen* (1980), 245 Ga. 27, 262 S.E.2d 794; *Baugh–Belarde Constr. Co. v. College Util. Corp.* (Alaska 1977), 561 P.2d 1211; *South Tippecanoe School Bldg. Corp. v. Shambaugh & Son, Inc.* (1979), 182 Ind.App. 350, 395 N.E.2d 320; *Rosemont v. Lentin Lumber Co.* (1986), 144 Ill.App.3d 651, 98 Ill.Dec. 470, 494 N.E.2d 592; *Indus. Risk v. Garlock Equip.* (Ala.1991), 576 So.2d 652; *U.S. Fid. & Guar. v. Farrar's Plumbing* (App.1988), 158 Ariz. 354, 762 P.2d 641; *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau* (C.A.2, 1986), 786 F.2d 101; *Bd. of Edn. v. Valden Assoc., Inc.* (1979), 46 N.Y.2d 653, 416 N.Y.S.2d 202, 389 N.E.2d 798; *Trump–Equitable Fifth Avenue Co. v. H.R.H. Constr. Corp.* (1985), 106 A.D.2d 242, 485 N.Y.S.2d 65, affirmed, 66 N.Y.2d 779, 497 N.Y.S.2d 369, 488 N.E.2d 115; *Commerce & Industry Ins. Co. v. Orth* (1969), 254 Ore. 226, 458 P.2d 926.

■ Appellant submits that the indemnification provisions of the contract required the contractor to indemnify and hold harmless the owner and architect for the contractor's negligence and the negligence of their employees. However, this court agrees with the trial court that the liability and indemnification provisions of Article 10 are consistent with the expressed waiver of claims in Article 17. Clause 17.1, which requires Ruscilli to carry liability insurance for claims other than the project itself, is logically consistent with clause 17.3, which requires appellant to purchase all risk property insurance upon the entire project. Likewise, Article 10 covers another aspect of liability, Ruscilli's duty to protect Len Immke from liability for claims by third parties. Accordingly, the provisions of the contract preclude Hartford from recovering against Ruscilli on its claim of subrogation when considering

the facts before us. Appellant's first and third assignments of error are not well taken and are overruled.

In the second assignment of error, appellant asserts that the trial court erred since contracts of indemnity shall not be construed to indemnify against negligence, unless the contract clearly expresses such. Upon review, there is no substantial evidence to support the contention that appellees were negligent. Furthermore, assuming *arguendo* that appellees were negligent, appellant has offered no evidence which would substantiate that appellees' negligence was the sole and proximate cause of the damages sustained. Accordingly, appellant's second assignment of error is not well taken and is overruled.

In the fourth assignment of error, appellant asserts that the trial court erred in failing to find a conflict between the indemnity clause of Article 10 and the waiver provisions of Article 17 of the "Abbreviated Form of Agreement Between Owner and Contractor." Since this issue was fully addressed in the court's discussion and disposition of appellant's first and third assignments of error, appellant's fourth assignment of error is repetitive and, thus, is not well taken and is overruled.

In appellee's cross-assignment of error, Ruscilli asserts that the trial court should have also included in its reasons for granting summary judgment that "even assuming 1) the subcontractor was negligent, 2) defendant-appellee Ruscilli was responsible for the negligence of its subcontractor, and 3) plaintiff-appellant's claims were not waived under the contract, there was no evidence" that any negligence of the appellees was the proximate cause of the loss. Since the trial court found in favor of appellees based upon the contract provisions, this court, absent an abuse of discretion, is reluctant to impose upon the trial court an order to enhance its basis for granting summary judgment in favor of appellees, particularly in the realm of a hypothetical as stated in the cross-assignment of error. Clearly, the record speaks for itself in regard to the issue of negligence. Accordingly, appellees' cross-assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first, second, third and fourth assignments of error are not well taken and are overruled. Appellees' cross-assignment of error is not well taken and is overruled. The judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

McCormac and Peggy Bryant, JJ., concur.