607 So.2d 722 (1992)
The TRAVELERS INSURANCE COMPANY, as Subrogee to the Rights of Josephine Dartois
v.
Leon J. IMPASTATO, et al.
No. 91-CA-2603.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
Law Offices of James J. Morse, James J. Morse, New Orleans, for plaintiff-appellant The Travelers Ins. Co., as Subrogee to the Rights of Josephine Dartois.
*723 Hailey, McNamara, Hall, Larmann & Papale, James W. Hailey, Jr., Metairie, for defendant-appellee Blackhawk Const. Co.
Hoffmann, Sutterfield, Ensenat & Bankston, James T. Grevemberg, New Orleans, for defendants-appellees Maryland Cas. Co. and Northern Ins. Co. of New York.
Before KLEES, BYRNES and WALTZER, JJ.
KLEES, Judge.
Plaintiff, Travelers Insurance Company (Travelers), appeals the granting of a motion for summary judgment in favor of defendants, Blackhawk Construction Company (Blackhawk), Maryland Casualty Company (Maryland), and Northern Insurance Company of New York (Northern). After reviewing the record and applicable law, we affirm.
On May 28, 1988, Josephine Dartois contracted with Blackhawk for general repairs and remodelling of her home located at 835 St. Peter Street in New Orleans. On June 11, 1988, the second story structure of Dartois' home collapsed, causing extensive property damage. Josephine Dartois had a policy with Travelers covering property damage and casualty loss on the home in question. According to the terms of the policy, Travelers paid Josephine Dartois for the damages, and then commenced this action against Blackhawk and its insurers alleging that their negligence and/or improper construction techniques caused the Dartois home to collapse.
Defendants filed a joint motion for summary judgment alleging that Travelers' claims had been waived according to the terms of the construction contract entered into by Josephine Dartois and Blackhawk. The district court granted the summary judgment finding that the contract contains an express waiver provision that waived any rights that Travelers may have as Dartois' subrogated insurer.
Travelers appeals claiming that the waiver provision in the contract is invalid because it was executed in violation of the terms of the insurance policy held by Dartois. The insurance policy explicitly permits Josephine Dartois to waive recovery rights under certain circumstances. In pertinent part, the Travelers policy at Section II Condition 10 states:
An "insured" may waive in writing before a loss all rights of recovery against any person. If they are not so waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.
Travelers claims that the waiver provision in the construction contract is invalid because Josephine's son, Leon Dartois, an "uninsured" party, signed the contract with Blackhawk. Travelers argues that the only party who could effectively waive rights of recovery was Josephine. However, when Leon Dartois signed the contract, he was acting under the authority and with full agreement of his mother, the insured under the policy. Accordingly, as the trial judge pointed out, the fact that the contract was signed by Leon Dartois, rather than Josephine Dartois does not impair the validity of the contract or the provisions therein.
In addition, Travelers contends that parol evidence should be allowed to clarify a specific area of ambiguity in the contract. Travelers indicates that the discrepancy is contained in Article 17 of AIA document A111, 1967 edition. Article 17 contains enumerated modifications to the standard agreement. Of importance are the following modifications:
5) INSURANCE: The contractor shall maintain, throughout the duration of all work performed, coverages and limits per addendum No. I, and shall maintain Builders' Risk insurance with a value of $300,000 for 835 St. Peter St., New Orleans, LA.
6) OTHER PROPERTY INSURANCE: The owner and the contractor waive their respective rights of subrogation against each other, where permitted by their respective policies.
Travelers contends that these clauses render the contract ambiguous because although the parties have waived their rights of subrogation, Blackhawk is still required *724 to maintain insurance for the duration of the project. Travelers urges that Leon Dartois' testimony should be admitted to show that he did not intend to impair Travelers' rights by inserting the waiver provision.
Under Louisiana jurisprudence, "Although summary judgment is generally not appropriate to show the intent of the contracting parties, where the words of a contract are clear, explicit and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence." Horton v. O.B. Mobley, 578 So.2d 977, 982 (La.App. 2nd Cir.1991), writ denied, 582 So.2d 1310 (La.1991). The contract in the instant case is clear and unambiguous. The requirement that Blackhawk procure insurance together with the waiver provision does not cause such a grave inconsistency as to require the need for parol evidence. As a result, the intent of the parties must be ascertained by the language of the contract.
This court in State v. U.S. Fidelity and Guar. Co., 577 So.2d 1037 (La.App. 4th Cir.), writ denied, 581 So.2d 684 (La.1991), addressed the effects of a such waiver provision under similar circumstances. In U.S. Fidelity, the State's insurer brought a subrogation action against the State's contractor and subcontractors after paying the State damages under a fire policy. The district court granted summary judgment in favor of the contractors because the contract between the State and its contractor contained a provision waiving all rights that the respective parties would have against each other, including their agents and subcontractors.
Because there were no Louisiana cases on point, this court applied the analysis of other jurisdictions in finding that waiver provisions of this type reflect a clear intention to shift the risk of loss during construction to an insurer in order to avoid disputes among the parties which might cause delays in the completion of the construction. U.S. Fidelity at 1039. This court affirmed the summary judgment and found that the State's waiver of rights against the contractor to recover damages to extent covered by insurance resulted in a waiver of subrogation rights of the insurer.
Likewise, the waiver provision in the instant case reflects the intent of Josephine Dartois and Blackhawk to release one another from their respective liabilities. Under Louisiana law, a subrogated insurer acquires no greater rights than those possessed by its subrogor and is subject to all limitations applicable to the original claim of the subrogor. Liberty Mut. Ins. v. State Farm, 579 So.2d 1090, 1093 (La.App. 4th Cir.1991, writ denied, 586 So.2d 563 (La.1991). Accordingly, since Josephine Dartois contractually waived her subrogation rights against Blackhawk, she had no rights to which Travelers could be subrogated.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA C.C.P. art. 966. The district court was correct in finding that under the contract there was no genuine issue of material fact and that summary judgment was proper as a matter of law. Josephine Dartois clearly waived all subrogation rights against Blackhawk. Where the owner may not bring an action against the contractor, neither may the insurer in subrogation, since the rights of the insurer are not superior to those of the owner. Liberty Mut. Ins. v. State Farm, supra; State v. U.S. Fidelity and Guar. Co., supra. Accordingly, summary judgment was properly granted and we affirm.
AFFIRMED.