■ Graphic Arts Supply, Inc., Respondent-Appellant, v Arnold Raynor et al., Appellants-Respondents, et al., Defendant. — Order unanimously affirmed, without costs. Memorandum: Plaintiff leased property owned and managed by defendant, and thereafter water pipes overflowed causing damage to plaintiff's inventory in excess of $11,000. Plaintiff sued defendants, alleging negligence and breach of the implied covenant of quiet enjoyment. Defendants moved for summary judgment, asserting a provision of the lease requiring the tenant to procure insurance and hold the landlord harmless for any losses caused by, *inter alia,* water. The provision states: "Tenant, for its own and the landlord's benefit shall keep its goods, wares, machinery, equipment, merchandise, and other property on the premises adequately insured against loss or damage by fire, theft, water, sprinkler system, employee negligence, or any and all other casualty and hereby indemnifies and agrees to save the landlord free and harmless therefrom." Plaintiff responded by asserting section 5-321 of the General Obligations Law which renders void any lease provision purporting to exempt the lessor from liability for his own acts of negligence in maintaining the demised property. Special Term, agreeing that the hold-harmless provision was void, denied the motion for summary judgment. The issue presented for our review is whether the lease provision is valid as an agreement to allocate the risk of loss to an insurer, or invalid as an attempt by the lessor to shift liability for its negligent acts to the tenant. We hold that the provision in the instant lease, without more, is insufficient to avoid the effect of section 5-321 of the General Obligations Law. The legislative intent prompt-

ing enactment of this section was to prohibit widespread abuse by landlords who frequently inserted clauses exonerating themselves from all responsibility for their negligence. In the instant case defendants seek to circumvent the statute simply by placing the burden to procure insurance on the tenant. We find the lease provision void. The instant agreement is distinguishable from cases relied on by defendant. In those cases, the lessor or comparable party (see General Obligations Law, §§ 5-322 — 5-326) did not shift liability to the lessee as does the instant lease; rather, both parties chose to allocate the risk of loss to an insurer for their mutual benefit (see *Board of Educ. v Valden Assoc.*, 46 NY2d 653, 657 [upholding a construction contract requiring the owner to provide insurance, but also providing that the owner, contractor, and subcontractors all waive their rights against each other except to the proceeds of the insurance]; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153 [upholding an exculpatory section of the lease, but only to the extent that the lessee is covered by insurance]; *Brentano's, Inc. v Charter Mgt. Corp.*, 46 AD2d 861 [upholding a lease agreement which required each party to carry its own insurance and to look thereto for coverage without any right of subrogation]). Nothing in the agreement before us suggests any bilateral participation. If the instant agreement were held valid, landlords could circumvent the intent of the legislation merely by inserting in the lease a requirement that the tenant obtain insurance. We conclude, therefore, that this lease provision is unenforceable and that Special Term properly denied summary judgment. (Appeals from order of Supreme Court, Monroe County, Rosenbloom, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Boomer, JJ.