■ METROPOLITAN ART ASSOCIATES, a Division of METRO ART SALES, INC., et al., Respondents, v JACK WEXLER et al., Doing Business as WE'RE ASSOCIATES COMPANY, Appellants. (Action No. 1.) RICHARD GREENBERG et al., Doing Business as METROPOLITAN ART ASSOCIATES, et al., Respondents, v JACK WEXLER et al., Doing Business as WE'RE ASSOCIATES, et al., Appellants. (Action No. 2.)—In consolidated actions to recover damages for injury to property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated December 10, 1984, as, upon reargument of the plaintiffs' motion to strike the third affirmative defense asserted in their answer in action No. 2, adhered to its original determination striking said defense.

Order affirmed, insofar as appealed from, with costs.

In their complaints, the plaintiffs allege that the defendant landlords' negligence caused smoke and soot to emit from their heating unit, resulting in damage to their personal property. In their answer in action No. 2, the defendants raised as their third affirmative defense the claim that article 25 of the lease barred the claims asserted in action No. 2. Article 25 of the lease states: "Each of the parties hereto and their successors or assigns hereby waives any and all rights of action for negligence against the other party hereto which may hereafter arise for damage to the premises or to property therein resulting from any fire or other casualty of the kind covered by standard fire insurance policies with extended coverage, regardless of whether or not or in what amounts, such insurance is now or hereafter carried by the parties hereto, or either of them. Both parties agree to use their best efforts to obtain and maintain a waiver of subrogation from their respective carriers if they are insured".

Special Term was correct in striking the above defense since article 25 of the lease is obviously an attempt to exempt the defendant landlords from liability for their own negligence and as such is void and unenforceable as violative of General Obligations Law § 5-321 *(see, Bandbox Sportswear v Fashion Wear Realty Co.,* 33 AD2d 537; *Redding v Gulf Oil Corp.,* 38 AD2d 850).

*Hogeland v Sibley, Lindsay & Curr Co.* (42 NY2d 153) is distinguishable since in that case the parties agreed to allocate between themselves, through an insurer, the risk of liability to *third parties.* In the instant case, article 25 calls for a mutual waiver of the rights of action to recover damages for negligence of the parties *against each other.* Nor is *Brentano's, Inc. v Charter Mgt. Corp.* (46 AD2d 861) applicable. In that case a lease provision *requiring* each party to carry its own insurance and to look thereto for coverage without any right of subrogation was found not to violate General Obligations Law § 5-321. The case at bar is distinguishable since: (1) article 25 does not *require* any party to obtain insurance and in fact purports to apply even if no insurance is obtained and (2) nowhere in this lease is any party required, as in *Brentano's, Inc. v Charter Mgt. Corp. (supra),* to pay the additional premiums necessary for the other party to obtain an insurance policy in which the insurer waives its rights of subrogation. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.