■ RADIUS, LTD., Respondent, v LAURENCE NEWHOUSE et al., Appellants. [624 NYS2d 227] —In an action to recover damages for injury to property, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 17, 1994, which denied their motion for summary judgment on their counterclaim and dismissal of the complaint.

Ordered that the order is affirmed, with costs.

On January 1, 1987, the plaintiff entered into a five-year agreement to lease office space and a showroom in a building

owned by the defendants. The parties' lease contained an indemnification clause requiring the plaintiff tenant to hold the landlord harmless from all liability "growing out of the occupation of the demised premises". The lease additionally required the tenant to procure a comprehensive insurance policy naming the landlord as an additional insured "against any liability occasioned by any occurrence on or about the Demised Premises * * * or arising from any of the items indicated in this Lease against which Tenant is required to indemnify Landlord". Two years later, in August 1989, the roof of the leased premises leaked during a rain storm, causing damage to the plaintiff's inventory. The plaintiff subsequently commenced this action seeking to recover damages for its property loss from the defendants. The defendants thereafter moved for summary judgment, contending that the plaintiff had breached its obligation to procure a liability insurance policy naming them as additional insureds, and was thus precluded from recovering for the defendants' alleged negligence in maintaining the roof of the leased premises. The Supreme Court denied the defendants' motion for summary judgment, and we now affirm.

Pursuant to General Obligations Law § 5-321, any lease provision which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable (see, Gross v Sweet, 49 NY2d 102, 107; Graphic Arts Supply v Raynor, 91 AD2d 827). While lease provisions in which the parties allocate the risk of liability to third parties between themselves through the employment of insurance are generally enforceable (see, Gross v Sweet, 49 NY2d 102, 106, supra; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153; see also, Kinney v Lisk Co., 76 NY2d 215), a landlord may not seek to circumvent General Obligations Law § 5-321 "simply by placing the burden to procure insurance on the tenant" (Graphic Arts Supply v Raynor, supra, at 828). Here, the parties' lease places the sole obligation to obtain insurance and pay premiums upon the tenant, and is devoid of any language which would demonstrate a mutuality of intent to directly exculpate the landlord from negligence towards its tenant indemnitor. Under these circumstances, we find that the subject insurance procurement provision is unenforceable insofar as it attempts to relieve the landlord from its responsibility for damages caused to the tenant by the landlord's own negligence (see, Graphic Arts Supply v Raynor, supra; Metropolitan Art Assocs. v Wexler, 118 AD2d 548; cf., Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, supra), and that the defendants'

motion for summary judgment was properly denied. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.