■ 747 THIRD AVENUE CORPORATION et al., Appellants, v JOHN P. KILLARNEY et al., Respondents. [639 NYS2d 32]

Upon review of the record, we agree that the first, third and fourth causes of action were properly dismissed, the first, as plaintiffs concede, as having been rendered moot by the findings in an earlier trial and the third and fourth as meritless since the lease provisions relied upon, Sections 9.03 and 9.05, only required the defendant tenants to indemnify the landlord for damages occurring "upon, in or about" the demised premises. Under such a clause, the tenants were not responsible with respect to damages to other portions of the building. We find, however, that the second cause of action, which alleges the breach of a lease clause obligating the tenant to obtain from its insurer a waiver of subrogation clause, has merit and should not have been dismissed.

Section 9.06 of the lease, the waiver of subrogation clause, provides: "Landlord and Tenant shall each endeavor to secure an appropriate clause in, or an endorsement upon, each fire or extended coverage or rent insurance policy obtained by it and covering the Building, the Demised Premises or the personal property, fixtures and equipment located therein or thereon, pursuant to which the respective insurance companies waive subrogation or permit the insured, prior to any loss, to agree with a third party to waive any claim it might have against said third party * * * Subject to the foregoing provisions of this Section 9.06 and insofar as may be permitted by the terms of the insurance policies carried by it, each party hereby releases the other with respect to any claim (including a claim for negligence) which it might otherwise have against the other party for loss, damages or destruction with respect to its property by fire or other casualty * * * occurring during the term of this Lease." The lease also provides, in Section 12.01, that the landlord "shall not be liable for any injury or damage to persons or property resulting from fire, explosion, falling plaster, steam, gas, electricity, water [and other hazards] or by other causes of whatsoever nature, *unless caused by or due to the negligence of the Landlord,* its agents, servants or employees" (emphasis added).

Based on the language in Section 9.06 in which the parties released each other from liability for damages for their negligence, the IAS Court held that the waiver of subrogation clause is void and unenforceable pursuant to General Obligations Law § 5-321. That statute provides, in pertinent part: "Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor * * * in the operation or maintenance of the demised premises * * * shall be deemed to be void as against public policy and wholly unenforceable."

When read in the context of the remainder of the clause and of Section 12.01, it is clear that the language in Section 9.06 found to run afoul of General Obligations Law § 5-321 does not exempt the landlord from liability for negligence; indeed, Section 12.01 implicitly acknowledges the landlord's liability for its own negligence. Rather, the language merely complements the parties' waiver of their right to recover for losses covered by their own insurance. As this Court has noted, "[A]bsent any indication of overreaching or unconscionability, a waiver of subrogation rights provision 'violate[s] neither section 5-323 of the General Obligations Law nor any other public policy' of this State" (*Interested Underwriters v Ducor's, Inc.*, 103 AD2d 76, 77, *affd* 65 NY2d 647, quoting *Board of Educ. v Valden Assocs.*, 46 NY2d 653, 657). In upholding the waiver of subrogation clause attacked in *Valden (supra)* as an illegal exemption from liability under General Obligations Law § 5-323, the Second Department held, "It is not a contracting away of liability, but only of subrogation rights." (*Board of Educ. v Valden Assocs.*, 60 AD2d 617, 618, *affd* 46 NY2d 653, *supra*; *see also*, *Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.* 106 AD2d 242, 245, *affd* 66 NY2d 779.)

Thus, the second cause of action presents a viable claim based on defendants' failure to obtain a waiver of subrogation clause, thereby allowing defendants' insurer to pursue a subrogation action for defendants' fire loss and subjecting plaintiffs and their insurer to the expense of defending such action. Concur—Sullivan, J. P., Milonas, Rosenberger and Nardelli, JJ.

Ross, J., dissents in a memorandum as follows: This is a subrogation action commenced by plaintiffs' subrogee to recover the costs of the litigation of three fire damage claims. Because Section 9.06 of the underlying lease included language which exempted plaintiffs-landlord from liability for damages

for their own negligence, the court properly found the clause void and unenforceable pursuant to General Obligations Law § 5-321 (*see, Metropolitan Art Assocs. v Wexler,* 118 AD2d 548) and dismissed the second cause of action of the complaint.

The court also properly dismissed the third and fourth causes of action based upon Sections 9.03 and 9.05 of the lease requiring defendants-tenants to indemnify plaintiffs-landlord for damages occurring "upon, in or about" the demised premises. As the plain meaning of the term "Demised Premises" is limited to the actual space leased, defendants were not responsible under the lease for damages to other portions of the building. The first cause of action was properly dismissed as moot.

Accordingly, the order denying plaintiffs' motion for summary judgment and granting that portion of defendants' cross-motion seeking summary judgment dismissal of the complaint should be affirmed.