(October 21, 1996)

A TO Z APPLIQUE DIE CUTTING, INC., Appellant, v 319 McKIBBIN STREET CORP., Respondent. [649 NYS2d 26] —In an action to recover damages for injury to property, the plaintiff tenant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 20, 1995, which granted the defendant landlord's motion for summary judgment dismissing the complaint on the ground that the action was barred by certain provisions of a rider to the parties' lease.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff leased certain premises from the defendant for the purpose of operating a silk-screen-processing and textile business. It is alleged that on December 26, 1989, the sprinkler pipes in the premises froze and broke, causing water damage to the plaintiff's inventory and equipment in the amount of $761,567. The plaintiff commenced the instant action, claiming that its damages resulted from the defendant's negligence.

The defendant moved for summary judgment, asserting that the action was barred by provisions in the lease which required the tenant to maintain insurance, and by a further provision which stated, in part: "Owner shall not be liable to Tenant for any damage to Tenant's merchandise, fixtures, equipment nor

any other personalty * * * regardless of the * * * cause or hazard, and Tenant hereby expressly releases Owner of and from any liability for such loss or damages."

In opposing the motion, the plaintiff asserted that that lease provisions relied upon by the defendant were unenforceable in that they violated General Obligations Law § 5-321. That section provides that language in a provision of a lease "exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises * * * shall be deemed to be void as against public policy and wholly unenforceable". (General Obligations Law § 5-321.)

The court granted the defendant's motion, holding that the "[t]enant by the terms of the lease agreed to hold landlord harmless".

We find that under General Obligations Law § 5-321, the lease provision purporting to hold the defendant harmless for injury to the plaintiff's property is unenforceable. The defendant sought to avoid the applicability of General Obligations Law § 5-321 by inserting clauses into the lease requiring the tenant to maintain insurance and providing for mutual waivers of subrogation. However, the lease also expressly provides, in section 9 (e), that the "Owner will not carry insurance on Tenant's furniture and furnishings or any fixtures or equipment, improvements, or appurtenances removable by Tenant and agrees that Owner will not be obligated to repair any damage thereto or replace the same". As this Court held in *Radius, Ltd. v Newhouse* (213 AD2d 614, 615), a lease which requires the tenant to hold the landlord harmless from liability and "places the sole obligation to obtain insurance and pay premiums upon the tenant" violates General Obligations Law § 5-321 and is unenforceable to the extent that it attempts to relieve the landlord of responsibility for damages to the tenant caused by the landlord's own negligence. The defendant cannot circumvent General Obligations Law § 5-321 merely by inserting into the lease a requirement that the tenant obtain insurance (*see, Graphic Arts Supply v Raynor,* 91 AD2d 827). Further, since the lease did not provide a mutual obligation to obtain insurance, the mutual waiver of subrogation clause is not significant. A landlord cannot avoid the application of General Obligations Law § 5-321 by inserting into the lease a mutual waiver of subrogation clause which would apply even if no insurance is obtained or required (*see, Metropolitan Art Assocs. v Wexler,* 118 AD2d 548).

Whether the landlord has a cause of action against the tenant based upon the tenant's failure to obtain insurance pursuant to the requirements of the lease is not before us, since the defendant did not counterclaim for such relief (*see, Kinney v Lisk Co.*, 76 NY2d 215). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.