■ RACHEL CUOMO et al., Plaintiffs, v STORRIE STREET REALTY, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. AUGUST COMPANIES, INC., Formerly Known as A.E.A. AUTO PARTS, INC., Third-Party Defendant-Respondent. [680 NYS2d 316] —Spain, J. Appeal from an order of the Supreme Court (Best, J.), entered February 3, 1998 in

Montgomery County, which denied a motion by defendant Storrie Street Realty, Inc. for partial summary judgment on its third-party complaint.

Plaintiffs commenced this action alleging that plaintiff Rachel Cuomo (hereinafter plaintiff) sustained personal injuries by virtue of a dangerous condition that existed in the parking area of an auto parts store owned by defendant Storrie Street Realty, Inc. and leased to third-party defendant, August Companies, Inc. The lease agreement required August to maintain the parking area but obligated Storrie to perform any repairs thereto. Paragraph 10 of the lease further required August to maintain public liability insurance protecting Storrie from liability for "injury to persons or property occurring in or about the premises or arising out of the ownership, maintenance, use or occupancy of the premises".

Following the commencement of the main action, Storrie commenced a third-party action against August. The second cause of action in the third-party complaint alleged that August breached paragraph 10 of the lease agreement by failing to procure the required liability insurance and that, therefore, in the event that plaintiffs succeeded in the main action, August was obligated to indemnify Storrie. Storrie thereafter moved for summary judgment based upon the second cause of action and Supreme Court, finding, *inter alia*, that material issues of fact existed as to whether paragraph 10 violated General Obligations Law § 5-321, denied the motion. Storrie appeals.

Supreme Court correctly denied the motion based upon General Obligations Law § 5-321, which renders unenforceable any lease provision that purports to exempt a landlord from liability resulting from the landlord's negligence in maintaining the leased premises (*see, A To Z Applique Die Cutting v 319 McKibbin St. Corp.*, 232 AD2d 512). Storrie cannot circumvent the statute by inserting a provision into the lease that shifts liability to August by requiring it to maintain liability insurance and pay premiums on Storrie's behalf (*see, Graphic Arts Supply v Raynor*, 91 AD2d 827; *cf., 747 Third Ave. Corp. v Killarney*, 225 AD2d 375). We therefore conclude that although the motion was properly denied, it was not because factual questions precluded summary judgment but because paragraph 10 of the lease is void as a matter of law (*see, A to Z Applique Die Cutting v 319 McKibbin St. Corp., supra*). The second cause of action of Storrie's third-party complaint should therefore be dismissed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to

third-party defendant, by awarding partial summary judgment to third-party defendant and dismissing the second cause of action in the third-party complaint.