■ PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent-Appellant, v EVERGREEN INTERNATIONAL AVIATION, INC., Appellant-Respondent, et al., Defendants. [712 NYS2d 587] —In an action, inter alia, for a judgment declaring that the defendants Evergreen International Aviation, Inc., United States Aviation Underwriters, Inc., United States Aircraft Insurance Group, Inc., and Aon Risk Services of Oregon, Inc., are required to insure, indemnify, defend, and hold the plaintiff harmless in an action entitled Affiliated FM Ins. Co. v Port Auth., pending in the United States District Court, Eastern District of New York, under Index No. CV 96-1713 (JG), the defendant Evergreen International Aviation, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), dated April 26, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and declared that it has a duty to defend and hold the plaintiff harmless in the underlying Federal action, and the plaintiff cross-appeals from the same order and judgment.

Ordered that the cross appeal is dismissed on the ground that the plaintiff is not aggrieved by the order and judgment entered in its favor (see, CPLR 5511); and it is further,

Ordered that the order and judgment is reversed insofar as appealed from, on the law, the motion is granted, and it is declared that the defendant Evergreen International Aviation,

Inc., does not have a duty to insure, indemnify, defend, and hold the plaintiff harmless in the underlying Federal action; and it is further,

Ordered that the defendant Evergreen International Aviation, Inc., is awarded one bill of costs.

The defendant Evergreen International Aviation, Inc. (hereinafter Evergreen), entered into a lease with the plaintiff, the Port Authority of New York and New Jersey (hereinafter the Port Authority), for space at John F. Kennedy International Airport. The lease contained an indemnification clause requiring Evergreen to hold the plaintiff harmless from liability for, *inter alia*, all claims and demands of third persons. In addition, the lease required Evergreen to procure a comprehensive insurance policy naming the plaintiff as an additional insured and "provid[ing] or contain[ing] an endorsement providing that the protection afforded [Evergreen] thereunder with respect to any claim or action by a third person shall pertain and apply with like effect with respect to any claim or action against [Evergreen] by the Port Authority * * * [i]n addition, all the aforesaid policy or policies of insurance shall also provide or contain an endorsement providing that the protection afforded the Port Authority thereunder with respect to any claim or action against the Port Authority by [Evergreen] shall be the same as the protection afforded [Evergreen] thereunder with respect to any claim or action against [Evergreen] by a third person as if the Port Authority were the named insured thereunder. The said policy or policies shall also provide or contain a contractual liability endorsement covering the obligations assumed by [Evergreen] under [the indemnification clause]".

On April 17, 1995, a sprinkler valve in the leased premises ruptured, causing flood damage to Evergreen's property. Evergreen's property insurer paid Evergreen to compensate it for its loss, and subsequently commenced a subrogation action in Federal court against the plaintiff, alleging that the plaintiff's negligence led to the rupture of the sprinkler valve. Thereafter, the plaintiff commenced the instant action seeking, *inter alia*, a declaration that Evergreen had a duty to insure, defend, indemnify, and hold it harmless in the underlying Federal action. Evergreen moved for summary judgment on the ground that the plaintiff is not entitled to indemnification in the underlying action. The Supreme Court denied Evergreen's motion and declared that it has a duty to defend and hold the plaintiff harmless in the underlying Federal action. We reverse.

Pursuant to General Obligations Law § 5-321, a lease provi-

sion which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable (*see, Gross v Sweet,* 49 NY2d 102, 107; *Radius, Ltd. v Newhouse,* 213 AD2d 614, 615). Although lease provisions in which the parties allocate the risk of liability to third parties between themselves through the use of insurance are generally enforceable (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Santamaria v 1125 Park Ave. Corp.,* 238 AD2d 259, 260), a landlord may not circumvent General Obligations Law § 5-321 "simply by placing the burden to procure insurance on the tenant" (*Graphic Arts Supply v Raynor,* 91 AD2d 827, 828; *see also, A to Z Applique Die Cutting v 319 McKibbin St. Corp.,* 232 AD2d 512, 513; *Radius, Ltd. v Newhouse, supra,* at 615).

In this case, the lease places the sole obligation to obtain insurance upon Evergreen, but it lacks any language to demonstrate a "mutuality of intent to directly exculpate the landlord from negligence towards its tenant indemnitor" (*Radius, Ltd. v Newhouse, supra,* at 615). Accordingly, we find that the insurance procurement clause contained in the lease is unenforceable since it attempts to relieve the plaintiff of its responsibility for damages caused to Evergreen as a result of its own negligence (*see, A to Z Applique Die Cutting v 319 McKibbin St. Corp., supra; Radius, Ltd. v Newhouse, supra,* at 615; *Metropolitan Art Assocs. v Wexler,* 118 AD2d 548). Thus, the Supreme Court should have granted Evergreen's motion for summary judgment.

The cross appeal must be dismissed on the ground that the plaintiff is not aggrieved by the order and judgment entered in its favor (*see,* CPLR 5511). To the extent that the plaintiff seeks review of language contained in the memorandum decision upon which the order and judgment is based, which language the plaintiff deems adverse to its interest, there is no basis for such review (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur. [*See* 179 Misc 2d 674.]