■ MANNY RAMOS, JR., Respondent, v RCP ASSOCIATES et al., Appellants, SIMON & SCHUSTER, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [733 NYS2d 883] —In an action to recover damages for personal injuries, (1) the defendant Rockefeller Center Properties appeals from an order of the Supreme Court, Kings County (Pincus, J.), dated August 8, 2000, which granted the motion of the defendants Simon & Schuster, Inc., and Paramount Communications, Inc., for summary judgment dismissing its cross claims asserted against them, and (2) the defendants RCP Associates, Radio City Music Hall Productions, Inc., Rockefeller Center Properties, Rockefeller Center Properties, Inc., Rockefeller Group, Inc., Rockefeller Center Management Corporation, Rockefeller Center, Inc., and Rock-75 Plaza, Inc., appeal from stated portions of an order of the same court, dated December 12, 2000.

Ordered that the appeal from the order dated December 12, 2000, is dismissed as withdrawn pursuant to a letter dated June 7, 2001; and it is further,

Ordered that the order dated August 8, 2000, is affirmed; and it is further,

Ordered that the defendants-respondents and the plaintiff-respondent are awarded one bill of costs payable by the defendants RCP Associates, Radio City Music Hall Productions, Inc., Rockefeller Center Properties, Rockefeller Center Properties, Inc., Rockefeller Group, Inc., Rockefeller Center Management Corporation, Rockefeller Center, Inc., and Rock-75 Plaza, Inc.

The defendant Simon & Schuster, Inc. (hereinafter Simon & Schuster), moved for summary judgment dismissing the cross claims asserted against it by the defendant Rockefeller Center Properties seeking contractual indemnification based on a certain agreement, as well as for common-law indemnification. In granting the motion, the Supreme Court properly determined that the indemnification clause in the parties' agreement was unenforceable pursuant to General Obligations Law § 5-321, which provides, *inter alia,* that an indemnification agreement collateral to a lease agreement is unenforceable when the party seeking indemnification causes the harm.

In making its determination, the Supreme Court noted that the agreement refers to the parties as landlord and tenant, and makes specific reference to the lease between the parties, that the term of the agreement is referable to the term of the lease, and therefore the agreement is merely an addendum to the lease. The Supreme Court correctly concluded that Simon & Schuster established, prima facie, its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). In response, Rockefeller Center Properties failed to raise a triable issue of fact as to whether the subject indemnification agreement was enforceable (*see,* General Obligations Law § 5-321; *Port Auth. v Evergreen Intl. Aviation,* 275 AD2d 358).

Rockefeller Center Properties also failed to rebut Simon & Schuster's prima facie showing of entitlement to summary judgment dismissing the cross claim for common-law indemnification (*see, Kagan v Jacobs,* 260 AD2d 442; *Henderson v Waldbaums,* 149 AD2d 461; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449). S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.