■ BREAKAWAY FARM, LTD., et al., Appellants, v KRISTINE WARD et al., Respondents. (And a Third-Party Action.) [789 NYS2d 730]—

In an action to recover for damage to property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered August 12, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Pursuant to General Obligations Law § 5-321, a lease provision that purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable (see *Gross v Sweet,* 49 NY2d 102, 107 [1979]; *Radius, Ltd. v Newhouse,* 213 AD2d 614, 615 [1995]). Further, although lease provisions in which the parties allocate between themselves the risk of liability to third parties through the use of insurance are generally enforceable (see *Kinney v Lisk Co.,* 76 NY2d 215 [1990]; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153 [1977]), a landlord may not circumvent General Obligations Law § 5-321 "simply by placing the burden to procure insurance on the tenant" (*Graphic Arts Supply v Raynor,* 91 AD2d 827, 828 [1982]; *see Port Auth. of N.Y. & N.J. v Evergreen Intl. Aviation,* 275 AD2d 358, 359-360 [2000]; *A to Z Applique Die Cutting v 319 McKibbin St. Corp.,* 232 AD2d 512, 513 [1996]; *Radius, Ltd. v Newhouse, supra* at 615).

Accordingly, General Obligations Law § 5-321 renders the lease provision purporting to hold the defendants harmless for injury to the plaintiffs' property unenforceable because it attempts to relieve the defendants of their responsibility for damages caused as a result of their own negligence (see *Port Auth. of N.Y. & N.J. v Evergreen Intl. Aviation, supra; A to Z Applique Die Cutting v 319 McKibbin St. Corp., supra* at 513; *Radius, Ltd. v Newhouse, supra* at 615; *Metropolitan Art Assoc. v Wexler,* 118 AD2d 548 [1986]). Since there remain triable issues of fact as to whether the defendants undertook to make repairs to the electrical system during the term of the leasehold and, as a result, are liable for negligence in failing to make or properly make those repairs, the defendants' motion for summary judgment should have been denied (see *Winby v Kustas,* 7 AD3d 615 [2004]; *Colicchio v Port Auth. of N.Y. & N.J.,* 246 AD2d 464 [1998]; *Cherubini v Testa,* 130 AD2d 380, 382 [1987]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.