■ Manuel Mendieta, Respondent, v 333 Fifth Avenue Association et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant. SPN, Inc., et al., Third-Party Defendants-Appellants. [885 NYS2d 350]—

In an action to recover damages for personal injuries, the third-party defendant SPN, Inc., appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 12, 2008, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's complaint in its entirety or, in the alternative, for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint insofar as asserted against it, and the third-party defendant Perfume Valley appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the cause of action for contractual indemnification in the third-party complaint insofar as asserted against it, and denied that branch of its motion which was for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the cause of action for contractual indemnification in the third-party complaint insofar as asserted against Perfume Valley, and substituting therefor a provision denying that branch of the cross motion, (2) deleting the provision thereof denying

that branch of Perfume Valley's motion which was for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint insofar as asserted against it, and substituting therefor a provision granting that branch of its motion, and (3) deleting the provision thereof denying that branch of the motion of the third-party defendant SPN, Inc., which was for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the third-party defendants, payable by the defendants/third-party plaintiffs.

On March 2, 2005, the plaintiff, an employee of the third-party defendant SPN, Inc. (hereinafter SPN), which is a tenant of the defendants 333 Fifth Avenue Association and Khedouri Associates (hereinafter together the landlord) attempted to access the elevator in the building by opening the elevator doors with a service key. However, the elevator cab was on another floor and he fell down the elevator shaft, sustaining personal injuries. He commenced the instant action against, among others, the landlord, as owner of the building.

The landlord commenced a third-party action against its tenant and plaintiff's employer, SPN, and another tenant, Perfume Valley, alleging, inter alia, a cause of action for contractual indemnification, based upon a clause of an "indemnity agreement" which the landlord required those tenants to sign when it provided them with a service key to the elevator.

The indemnity agreement with respect to the elevator key was an agreement separate and apart from the parties' leases. The clause at issue stated that "[t]enant shall indemnify and hold harmless Landlord and Landlord's agents from and against any and all claims made against Landlord and his agents arising from the Tenants' possession and/or use of the elevator key." The agreement did not include any requirement to procure insurance, and did not refer to the tenant's lease. It contained a severability clause, stating that "[i]n the event that any portion of this agreement is deemed in contravention of existing State or local law, then only that portion will be deemed to be invalid, with the remainder in full force and effect."

In his deposition, the landlord's principal Lawrence Khedouri testified that the reason he had tenants sign this separate indemnification agreement with respect to the elevator key was that he was aware that the elevator key could be used to open the elevator doors when the elevator was not on the floor, and

"[t]hey had to be careful." He further testified that when he had a tenant execute the indemnity agreement and gave the tenant the key, he told the tenant not to use the key because "there was a danger that the car might not be there." Therefore, we conclude that the plaintiff's accident was foreseeable, and was, in fact, foreseen by the landlord.

The Supreme Court, in the order appealed from, determined that the clause of the indemnity agreement requiring the tenant to indemnify the landlord was enforceable pursuant to General Obligations Law § 5-321. We disagree.

General Obligations Law § 5-321 provides: "Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."

This provision originally was enacted in 1937 (L 1937, ch 907), as Real Property Law § 234, to supersede the decision of the Court of Appeals in *Kirshenbaum v General Outdoor Adv. Co.* (258 NY 489 [1932]), which found that a clause of the parties' lease which stated that the landlord was not responsible to the tenant for damages to the tenant caused by the landlord's negligence was valid and enforceable. Pursuant to this legislation, a landlord could no longer claim that it was not liable to the tenant for the landlord's own negligence based upon a provision in the lease (*see Jones v Railroad Fed. Sav. & Loan Assn.,* 264 App Div 725 [1942]).

In *Hogeland v Sibley, Lindsay & Curr Co.* (42 NY2d 153 [1977]), the Court of Appeals distinguished between exculpatory clauses "whereby lessors are excused from direct liability for otherwise valid claims which might be brought against them by others" which would be unenforceable under General Obligations Law § 5-321, and clauses whereby "the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance" (*Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d at 160, 161). The Court found that the latter type of provisions were enforceable because they required the parties to maintain insurance for the benefit of the public.

In *Great N. Ins. Co. v Interior Constr. Corp.* (7 NY3d 412 [2006]), the Court of Appeals reaffirmed that "a commercial lease negotiated between two sophisticated parties who included

a broad indemnification provision, coupled with an insurance procurement requirement" is enforceable (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d at 419). The holding of the case is summarized therein as follows: "Where, as here, a lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate the risk of liability to third parties between themselves, General Obligations Law § 5-321 does not prohibit indemnity" (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d at 419).

However, if the purpose of the indemnity clause is to exempt the landlord from liability to the victim—in this case the tenants and/or their employees—for its own negligence, it violates General Obligations Law § 5-321 (*see Castano v Zee-Jay Realty Co.*, 55 AD3d 770 [2008]).

Under the circumstances of this case, it is clear that the indemnity clause was not an agreement to use insurance to allocate the risk of liability to third parties between landlord and tenant, but, rather, exempted the landlord from liability to the tenant for its own negligence in maintaining what it knew to be an unsafe condition on the premises.

The severability provision does not save the indemnification clause by allowing for partial indemnification for damages not incurred as a result of the landlord's negligence. The clause did not provide that the tenant's obligation was limited to "the fullest extent permitted by applicable law" (*Dutton v Charles Pankow Builders*, 296 AD2d 321, 322 [2002]), which "contemplates partial indemnification" limited to the indemnitor's own negligence. Further, General Obligations Law § 5-321 explicitly states that a covenant which violates its provisions "shall be deemed to be void as against public policy and *wholly* unenforceable" (emphasis supplied). Therefore, the indemnity clause at issue is unenforceable.

As previously noted, it appears that the plaintiff's accident was entirely foreseeable, and there is at least a triable issue of fact as to whether the plaintiff acted in a manner that was of such a character as to sever the causal connection between the owners' alleged negligence and the plaintiff's injury. Accordingly, the Supreme Court properly denied that branch of the motion of SPN which was for summary judgment dismissing the plaintiff's complaint (*see Pabon v Nouveau El. Indus., Inc.*, 49 AD3d 702, 703 [2008]; *Gilbert v Kingsbrook Jewish Ctr.*, 4 AD3d 392, 392-393 [2004]; *see also Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312 [1980]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.