■ BEN LEE DISTRIBUTORS, INC., et al., Respondents, v HALSTEAD HARRISON PARTNERSHIP et al., Appellants, et al., Defendants. (And a Third-Party Action.) [899 NYS2d 301]—

In an action to recover damages for injury to property, the defendants Halstead Harrison Partnership and Minskoff Grant Realty & Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), entered May 14, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pursuant to General Obligations Law § 5-321, a lease provision which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable" (*Rego v 55 Leone Lane, LLC*, 56 AD3d 748, 749 [2008]; *see Gross v Sweet*, 49 NY2d 102, 107 [1979]; *Breakaway Farm, Ltd. v Ward*, 15 AD3d 517, 518 [2005]; *Radius, Ltd. v Newhouse*, 213 AD2d 614, 615 [1995]). "Further, although lease provisions in which the parties allocate between themselves the risk of liability to third parties through the use of insurance are generally enforceable (*see Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153 [1977]), a landlord may not circumvent General Obligations Law § 5-321 'simply by placing the burden to procure insurance on the tenant' " (*Breakaway Farm, Ltd. v Ward*, 15 AD3d at 518, quoting *Graphic Arts Supply v Raynor*, 91 AD2d 827, 828 [1982]).

Accordingly, here, the lease provision purporting to hold the defendants Halstead Harrison Partnership, the owner of the property, and Minskoff Grant Realty & Management Corp., the managing agent (hereinafter together the defendants), harmless for injury to the plaintiffs' property is unenforceable pursuant to General Obligations Law § 5-321 because it attempts to relieve the defendants of their responsibility for damages caused as a result of their own negligence (*see Breakaway Farm, Ltd. v Ward*, 15 AD3d at 518; *Glens Falls Ins. Co. v City of New York*, 293 AD2d 568, 570-571 [2002]; *A to Z Applique Die Cutting v 319 McKibbin St. Corp.*, 232 AD2d 512, 513 [1996]). Since there remain triable issues of fact as to whether, among other things, the defendants were required to make certain repairs to the subject premises during the term of the lease, whether they were negligent in failing to make or failing to properly make those repairs, and whether Hurricane Frances was the sole proximate cause of the damage to the plaintiffs' property, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The defendants' remaining contentions are without merit. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.