# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**558**

**CA 10-02406**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

DANIELLE WAGNER, PLAINTIFF,

      V                                           MEMORANDUM AND ORDER

ROBERT A. PLOCH, DEFENDANT.
--------------------------------
ROBERT A. PLOCH, THIRD-PARTY
PLAINTIFF-APPELLANT,

      V

1680 ELMWOOD AVENUE, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JOHN R. CONDREN OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MELISSA B. BURKE OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

    Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered June 25, 2010 in a personal injury action. The order denied the motion of third-party plaintiff for summary judgment and granted the cross motion of third-party defendant for summary judgment.

    It is hereby ORDERED that the order so appealed from is affirmed without costs.

    Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained while working at a restaurant operated by third-party defendant on property owned by defendant-third-party plaintiff (defendant). Third-party defendant was leasing the property from defendant pursuant to an agreement that included an indemnification provision and, after plaintiff commenced the main action, defendant commenced the third-party action seeking contractual indemnification. Contrary to defendant's contention, Supreme Court properly granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint. "Pursuant to General Obligations Law § 5-321, a lease provision which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable" (*Rego v 55 Leone Lane, LLC*, 56 AD3d 748, 749). The indemnification provision here required third-party defendant to indemnify defendant for "any and all liability . . . arising from

injury . . . to person or property . . ., occasioned wholly or in part by an act . . . of [third-party defendant or its employees]." We agree with third-party defendant that the indemnification provision is unenforceable under General Obligations Law § 5-321 because it "shifts the entire responsibility for damages to [third-party defendant] regardless of [defendant's] own negligence" (*Rego*, 56 AD3d at 749; *see Ben Lee Distribs., Inc. v Halstead Harrison Partnership*, 72 AD3d 715). Indeed, the indemnification provision improperly "contemplate[d] a complete rather than partial shifting of liability from [defendant] to [third-party defendant]" (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 793, *rearg denied* 90 NY2d 1008), inasmuch as it made no exception for defendant's own negligence (*see DeSabato v 674 Carroll St. Corp.*, 55 AD3d 656, 659; *cf. Lennard v Mendik Realty Corp.*, 43 AD3d 279).

Defendant's reliance on the insurance rider to the lease agreement is misplaced. Where a lease agreement, negotiated at arm's length between two sophisticated business entities or persons, includes a provision that the tenant is to obtain insurance naming the landlord as an additional insured, General Obligations Law § 5-321 will not prohibit an indemnification provision such as the one at issue in this case inasmuch as the parties to the lease agreement are using insurance to allocate between themselves the risk of liability to a third party (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 418-419; *Castano v Zee-Jay Realty Co.*, 55 AD3d 770, 772, *lv denied* 12 NY3d 701). In this case, however, the record establishes that the lease agreement was not negotiated at arm's length between two sophisticated business entities or persons (*see DeSabato*, 55 AD3d at 659). Moreover, although the insurance rider in this case required third-party defendant to obtain insurance on the property, there was no requirement that defendant be named as an additional insured on the policy. A landlord may not circumvent General Obligations Law § 5-321 "merely by inserting in the lease a requirement that the tenant obtain insurance" (*Graphic Arts Supply v Raynor*, 91 AD2d 827, 828; *see Ben Lee Distribs., Inc.*, 72 AD3d at 716).

All concur except CARNI, J., who concurs in the result in the following Memorandum: Although I concur in the result reached by my colleagues, I would affirm for a different reason. While I agree that the indemnification clause in the lease in question is unenforceable under General Obligations Law § 5-321, I cannot agree with my colleagues that it is unenforceable based on the clause requiring third-party defendant to indemnify defendant for "any and all liability . . . arising from injury . . . to person or property . . ., occasioned wholly or in part by an act . . . of [third-party defendant or its employees]." Contrary to the conclusion of my colleagues, that clause merely partially, rather than entirely, shifts the responsibility for damages to third-party defendant. Indeed, by its express language, the clause in question does not "indemnify the promisee[, i.e., defendant,] for losses attributable to the promisee's own negligence and therefore do[es] not run afoul of the statute" (*Ostuni v Town of Inlet*, 64 AD3d 854, 855; *see Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 207-211). Nevertheless, I concur with the majority in the result based on the further language of the indemnification

clause in question, which requires third-party defendant to indemnify defendant "also for any matter or thing growing out of the occupation of the demised premises or of the streets, sidewalks or vaults adjacent thereto."  That broad indemnification language shifts the entire responsibility for damages to third-party defendant regardless of defendant's own negligence, rendering the entire clause "void as against public policy and wholly unenforceable" (§ 5-321; *see Mendieta v 333 Fifth Ave. Assn.*, 65 AD3d 1097, 1100-1101; *Rego v 55 Leone Lane, LLC*, 56 AD3d 748, 749-750).  Finally, I note my agreement with my colleagues that the insurance rider to the lease is insufficient to circumvent General Obligations Law § 5-321.

Entered:  June 10, 2011                              Patricia L. Morgan
                                                     Clerk of the Court