On Point Window Treatment, Inc. v 208 Clinton Place, LLC (2024 NY Slip Op 50241(U))

[*1]

On Point Window Treatment, Inc. v 208 Clinton Place, LLC

2024 NY Slip Op 50241(U)

Decided on March 10, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2024
Supreme Court, Kings County

On Point Window Treatment, Inc., Plaintiff,

against
208 Clinton Place, LLC, Defendant.

Index No. 529783/2023

Molod, Spitz & DeSantis, P.C., New York City (Murad Sardar of counsel), for Plaintiff.
Stern & Stern, Esqs., Brooklyn (Christopher G. Conway of counsel), for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendant
NYSCEF Doc No. 4: Notice of Motion
NYSCEF Doc No. 5: Affidavit of Jacques Torkieh in Support ("Torkieh aff")
NYSCEF Doc No. 6: Exhibit A — Lease
NYSCEF Doc No. 7: Request for Judicial Intervention
NYSCEF Doc No. 12: Stipulation of Adjournment
Submitted by Plaintiff
NYSCEF Doc No. 1: Summons and Complaint
NYSCEF Doc No. 8: Affirmation of Murad Sardar, Esq. in Opposition ("Sardar aff")
NYSCEF Doc No. 9: Exhibit A — New York City Department of Buildings Violation Notice ("NYC violation notice")
NYSCEF Doc No. 10: Exhibit B — General Obligations Law § 5-321
NYSCEF Doc No. 11: Exhibit C — Lease
Denial of Adjournment Request
Initially, this Court notes that at the behest of Defendant, a stipulation of adjournment executed by both parties' counsel was submitted, purporting to adjourn this motion on consent (see NYSCEF Doc No. 12). The stipulation was filed on March 7, 2024, at 1:38 p.m. This was [*2]the day before this motion was calendared for oral argument. At oral argument, this Court denied Defendant's application to adjourn the motion to enable it to submit a reply. This Court noted that IAS Part 2's Rules provide at Part I (Motions & Special Proceedings), Subpart D (Adjournments), Rules 1 (Standards and procedures for seeking adjournments) and 2 (Late requests for adjournments) as follows:
1. . . . All adjournments are at the discretion of the Court. Applications for adjournments and stipulations of adjournment shall be submitted through NYSCEF or by filing a paper copy with the Court at Motion Support, Room 227, at 360 Adams Street (with a copy served upon all other counsel or pro se parties). The deadline for filing such applications for adjournments and stipulations of adjournments shall be 5:00 p.m. of the third day prior to the scheduled motion date. If said third day prior to the scheduled motion date is a Saturday, Sunday, or holiday, the deadline shall be 5:00 p.m. of the last business day before said third day prior to the scheduled motion date. All applications for adjournments and stipulations of adjournment submitted in the aforesaid manner shall also be emailed to the Part Clerk and the law clerks.
2. . . . If an application for adjournment or stipulation of adjournment has not been submitted in the foregoing manner, and counsel still wishes to apply for an adjournment, application shall be made only in person on the scheduled motion date.
(https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml 
[last accessed Mar. 10, 2024].) The Court noted that Defendant inserted into its notice of motion a provision that answering affidavits had to be served no later than seven days prior to the return date. Plaintiff served its opposition on February 29, 2024, which was eight days prior to the return date. Therefore, Defendant had ample time to submit a reply. It also could have timely filed the stipulation to adjourn the motion. It did not do so; it filed it later than the Rules' deadline of three days prior to the return date.
As this Court previously wrote in pertinent part,
"The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 819 [2020]). Further, the court has the discretion to grant an extension of time to file opposition papers 'upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed' (CPLR 2004; see Leader v Steinway, Inc., 186 AD3d 1207, 1209 [2020]). 'In exercising its discretion, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion' (Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992 [2019]; see Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989])." (U.S. Bank v Sokolof, 201 AD3d 839, 840-841 [2d Dept 2022]).
"It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence (see Matter of Breaker v ACS-Kings, 129 AD3d 715, 716 [2015]). [¶] In addition, ' "[w]hile a court has the discretion to grant an extension of time to file opposition papers, it must be upon a showing of good cause (see CPLR 2004). The delinquent party must offer a valid excuse for the delay " ' (Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of NY, 167 AD3d 806, 807 [2018], quoting Adotey v British Airways, PLC, 145 AD3d at 750; see Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739 [2014])." (Miglionico v [*3]Homeowners' Assn., Inc., 184 AD3d 818, 820 [2d Dept 2020].)
"The Supreme Court providently exercised its discretion in refusing to consider the late submission of the affirmation of the orthopedic surgeon, submitted after the motion had been adjourned four times at the plaintiffs' request, and marked final" (O'Neil v GEICO, 30 AD3d 390 [2d Dept 2006].
. . .
There is no automatic right to a stipulated adjournment of a motion: "Stipulations of adjournment of the return date made by the parties shall be in writing and shall be submitted to the assigned judge. Such stipulation shall be effective unless the court otherwise directs." (22 NYCRR 202.8 [d] [emphasis added].)
Courts possess the authority to enforce their rules (see Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239(A), 2023 NY Slip Op 50838(U) [Sup Ct, Kings County 2023] [rule requiring submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [rules requiring motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044(U) [Sup Ct, NY County 2022]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] ["That rule is consistent with the inherent power of the Court to control its business."]; Scully v Jefferson Truck Renting Corp., 43 Misc 3d 48 [Sup Ct, Kings County 1964]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008]).
The purpose of the Individual Assignment System (IAS) is "to give trial judges greater control over their cases and to move cases to disposition more expeditiously" (Basetti v Nour, 287 AD2d 126, 134 [2d Dept 2001]). The orderly disposition of cases is important for the efficient operation of our judicial system (see id. at 134). Moreover, compliance with individual part rules is necessary to implement these policy goals. This Court reviews motions in advance of the date for oral argument (see Matter of Court's Discharge of Its Responsibilities Pursuant to 22 NYCRR § 100.3 (D) (2), (3), — Misc 3d —, 2023 NY Slip Op 23258, *1 [Sup Ct, Kings County 2023]). The purpose for this Court's rules governing adjournments is to avoid wasting this Court's time in reviewing motions in advance when they will not be heard due to an adjournment. If an adjournment is sought, the reason for it must be disclosed so that the Court can determinate whether to prepare a review of the motion. The failure to disclose the reason for an adjournment frustrates the Court's preparation. Here, not only did the failure to inform the Court of the reason for a requested adjournment frustrate the efficient preparation for considering the motion, it displayed a cavalier attitude toward the Court's organized procedures.
(Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U], *3-4 [Sup Ct, Kings County 2023].) This Court had reviewed the papers filed with respect to the motion and, frankly, Defendant's position lacked merit. With no explanation having been provided as to why reply papers could not have been submitted on time, this Court denied the submitted stipulation and the in-court application to adjourn.

 Background
The parties entered into a commercial lease with a commencement date of August 16, [*4]2021, for the property located at 104 Lexington Avenue, Brooklyn, owned by Defendant 208 Clinton Place, LLC ("Defendant"). Plaintiff On Point Window Treatment Inc. ("Plaintiff"), the lessee, alleges that Defendant failed to properly maintain the roof of the demised premises and is suing for negligence and breach of contract. (See NYSCEF Doc No. 5, Torkieh Aff.)
On October 2, 2023, the City of New York Department of Buildings issued a notice of violation to 208 Clifton Place, LLC for failure to maintain the building and was ordered to have a contractor evaluate the entire building and obtain permits to repair no later than 20 days later (October 23, 2023) and have the repair permit signed off no later than November 12, 2023 (see NYSCEF Doc No. 9, NYC violation notice).
On October 16, 2024, Plaintiff filed suit against Defendant, alleging that Plaintiff sustained significant damage to its leased space as a result of the collapse of the roof, that Defendant had the sole and exclusive duty to maintain it, that Defendant was negligent in maintaining the roof, and that Defendant was liable for negligence and breach of contract (see NYSCEF Doc No. 1, summons & complaint).

 Arguments
Defendant moves pre-answer to dismiss the complaint with prejudice pursuant to CPLR 3211 (a) (1), which provides that a party may move for dismissal of a cause of action on the ground that a defense is founded upon documentary evidence. Defendant argues that Plaintiff's causes of action seeking damages for negligence and breach of contract are barred by express language in the provisions of the lease:
Landlord and Landlord's Parties will not be liable for damage to property (whether belonging to Tenant or others) entrusted to Landlord or any Landlord's Party, nor for the loss or damage to any of Tenant's Property or Tenant Changes by theft or otherwise, nor will Landlord or any Landlord's Party be liable for any injury or damage to property resulting from fire, explosion, falling plaster, steam, gas, electricity, water, rain, or snow or leaks from any part of the Building or from the pipes, appliances or plumbing or from the roof, street or subsurface or from any other place or by dampness or by any other cause whatsoever; nor will Landlord or any Landlord's Party be liable for any such damage caused by the negligence of other persons at the Property or caused by operations in construction of any public or quasi-public works; nor will Landlord or any Landlord's Party be liable for any latent defect in any Building or the Premises.
(NYSCEF Doc No. 5, lease ¶ 12.1.) This provision, claims Defendant, absolves it of any liability for the damages claimed by Plaintiff. "The lease by which Plaintiff occupies the premises was negotiated in good faith in an arm's length transaction. Plaintiff's causes of action seeking damages, for alleged negligence and breach are directly barred by the express language above provisions of the lease." (NYSCEF Doc No. 5, Torkieh aff ¶ 11.)
Further, maintains Defendant, the lease provided:
Tenant assumes all risk of loss or damage to Tenant's Property and Tenant Changes and will be responsible for maintaining its own insurance coverage against such risks. In no event will Landlord have or incur any liability or responsibility for Tenant's property or Tenant Changes, nor will Landlord have any obligation to provide security or maintain insurance coverage against such loss or damage.
(NYSCEF Doc No. 5, lease ¶ 17.3.) "Plaintiff's remedy, if the allegations in the Complaint are actually true, should have been [the] insurance policy that Plaintiff was contractually obligated to maintain, both for its own benefit and for the benefit of the Defendant. If Plaintiff failed to [*5]obtain and maintain insurance of the nature which would ever issue its claims with Plaintiff itself (sic). There is no valid claim against Defendant." (NYSCEF Doc No. 5, Torkieh aff ¶ 11.)

Plaintiff argues that Defendant's motion is frivolous because pursuant to New York General Obligations Law § 5-321,
Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable.
(See NYSCEF Doc No. 8, Sardar aff.)
Plaintiff cites Radius, LTD v Newhouse (213 AD2d 614 [2d Dept 1995]), where a tenant sued their landlord for property damages arising from the landlord's failure to repair the roof. Similarly there, the lease contained an indemnification clause that stated that defendant could not be held liable, as well as an insurance procurement provision. The Court there held that "a landlord may not seek to circumvent General Obligations Law Section 5-321 simply by placing the burden to procure insurance on the tenant" (Radius, LTD v Newhouse, 213 AD2d at 615 [internal quotation marks and citation omitted]). The Court there further held that the subject procurement provision was unenforceable because it attempted to relieve the landlord from its responsibility for damages caused to the tenant by the landlord's own negligence (see id.; NYSCEF Doc No. 8, Sardar aff ¶¶ 17-18).
Plaintiff also notes that the Second Department has repeatedly sustained this principle of law held in a situation where a tenant is claiming that a landlord's own negligence caused it to sustain property damages: the exculpatory lease provision is unenforceable as a matter of law pursuant to section 5-321 of the General Obligations Law. (see NYSCEF Doc No. 8, Sardar aff ¶¶ 17-18, citing inter alia Ben Lee Distributors, Inc. v Halstead Harrison Partnership, 72 AD3d 715 [2d Dept 2010]; Mendieta v 333 Fifth Ave. Ass'n, 65 AD3d 1097 [2d Dept 2009]; Castano v Zee-Jay Realty Co., 55 AD3d 770 [2d Dept 2008]; Port Authority of New York and New Jersey v Evergreen Intern. Aviation, Inc., 275 AD2d 358 [2d Dept 2000]).
Defendant has not cited any case law to the contrary. Defendant wanted additional time to submit a reply but this Court denied it, as discussed above.

 Discussion
Indeed, as argued by Plaintiff, General Obligations Law § 5-321 bars Defendant's defense that the lease exculpatory provision precluded Plaintiff from suing for damages. Agreements that purport to exempt landlords from liability for negligence are void pursuant to that statutory provision (see Gross v Sweet, 49 NY2d 102, 107 [1979]). Placing a requirement upon a tenant-lessee to procure insurance does not relieve the landlord of the effects of General Obligations Law § 5-321 (see Ben Lee Distributors, Inc. v Halstead Harrison Partnership, 72 AD3d 715; Breakway Farm, Ltd v Ward, 15 AD3d 517 [2d Dept 2005]).
"This provision originally was enacted in 1937 (L 1937, ch 907), as Real Property Law § 234, to supersede the decision of the Court of Appeals in Kirshenbaum v General Outdoor Adv. Co. (258 NY 489 [1932]), which found that a clause of the parties' lease which stated that the landlord was not responsible to the tenant for damages to the tenant caused by the landlord's negligence was valid and enforceable. Pursuant to this legislation, a landlord could no longer claim that it was not liable to the tenant for the landlord's own negligence based upon a provision [*6]in the lease (see Jones v Railroad Fed. Sav. & Loan Assn., 264 App Div 725 [1942])." (Mendietta v 333 Fifth Ave. Assn., 65 AD3d 1097, 1100.)
There is an exception to this statutory provision — when a lease provision arrived at an arm's length negotiation between two sophisticated parties requires both parties to allocate the risk of liability to third parties between themselves through insurance (see Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153 [1977]; Castano v Zee-Jay Realty Co., 55 AD3d 770).
In Mendietta v 333 Fifth Ave. Assn., the Court stated:
In Great N. Ins. Co. v Interior Constr. Corp. (7 NY3d 412 [2006]), the Court of Appeals reaffirmed that "a commercial lease negotiated between two sophisticated parties who included a broad indemnification provision, coupled with an insurance procurement requirement" is enforceable (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d at 419). The holding of the case is summarized therein as follows: "Where, as here, a lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate the risk of liability to third parties between themselves, General Obligations Law § 5-321 does not prohibit indemnity" (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d at 419).
However, if the purpose of the indemnity clause is to exempt the landlord from liability to the victim—in this case the tenants and/or their employees—for its own negligence, it violates General Obligations Law § 5-321 (see Castano v Zee-Jay Realty Co., 55 AD3d 770 [2008]).
Under the circumstances of this case, it is clear that the indemnity clause was not an agreement to use insurance to allocate the risk of liability to third parties between landlord and tenant, but, rather, exempted the landlord from liability to the tenant for its own negligence in maintaining what it knew to be an unsafe condition on the premises.
(Mendietta v 333 Fifth Ave. Assn., 65 AD3d at 1100-1101.) Likewise, in the instant case, it is clear that the insurance procurement clause was not an agreement to allocate the risk of liability to third persons but rather a means for Defendant, as the lessor, to avoid liability to Plaintiff for its own negligence.

 Conclusion
The within motion of Defendant pursuant to CPLR 3211 (a) (1) to dismiss the complaint with prejudice is DENIED.
Dated: March 10, 2024
Hon. Aaron D. Maslow